FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY - 1 2018 ★

BROOKLYN OFFICE

Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
RICARDO CORTEZ, individually and on behalf of all others
similarly situated,

                              Plaintiff,

      -against-

GOLDEN STAR SUPPLY INC., GOLDEN STAR KITCHEN &
BATH, INC., and BOR SU YANG, MAX YANG and GINA
YOUNG, as individuals,

                          Defendants.
------------------------------------------------------------------------X

CV 18 - 2572

COLLECTIVE ACTION
COMPLAINT

JURY TRIAL    **BLOCK, J.**
DEMANDED **MANN. M.J.**

1. Plaintiff, **RICARDO CORTEZ, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, **RICARDO CORTEZ, individually and on behalf of all others similarly situated,** through undersigned counsel, brings this action against **GOLDEN STAR SUPPLY INC., GOLDEN STAR KITCHEN & BATH, INC., and BOR SU YANG, MAX YANG and GINA YOUNG, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at CENTURY PLUMBING & BUILDING SUPPLY, INC., located at 61-39 College Point Boulevard, Flushing New York 11356, GOLDEN STAR SUPPLY INC., located at 131-15 Sanford Avenue, Flushing, New York 11355, and GOLDEN STAR KITCHEN & BATH, INC., located at 131-15 Sanford Avenue, Flushing, New York 11355.

1

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff RICARDO CORTEZ residing 37-33 97th Street, Corona, New York 11368, was employed by Defendants at CENTURY PLUMBING & BUILDING SUPPLY, INC., located at 61-39 College Point Boulevard, Flushing New York 11356, GOLDEN STAR SUPPLY INC., located at 131-15 Sanford Avenue, Flushing, New York 11355, and GOLDEN STAR KITCHEN & BATH, INC., located at  131-15 Sanford Avenue, Flushing, New York 11355, from in or around 2010 until in or around February 2018.

9. Upon information and belief, CENTURY PLUMBING & BUILDING SUPPLY, INC., was a corporation organized under the laws of New York with a principal executive office located 61-39 College Point Boulevard, Flushing New York 11356.

10. However, upon information and belief, CENTURY PLUMBING & BUILDING SUPPLY, INC., was dissolved on December 12, 2017 and is no longer an active corporation.

2

11. Upon information and belief, Defendant GINA YOUNG owned and/or operated CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

12. Upon information and belief, Defendant GINA YOUNG was the Chairman of the Board of CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

13. Upon information and belief, Defendant GINA YOUNG was the Chief Executive Officer of CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

14. Upon information and belief, Defendant GINA YOUNG was an agent of CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

15. Upon information and belief, Defendant GINA YOUNG had power over personnel decisions at CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

16. Upon information and belief, Defendant GINA YOUNG had power over payroll decisions at CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

17. Defendant GINA YOUNG had the power to hire and fire employees at CENTURY PLUMBING & BUILDING SUPPLY, INC., establish and pay their wages, set their work schedule, and maintained their employment records, at the time of Plaintiff's employment.

18. Upon information and belief, Defendant BOR SU YANG owned and/or operated CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

19. Upon information and belief, Defendant BOR SU YANG was the Chairman of the Board of CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

20. Upon information and belief, Defendant BOR SU YANG was the Chief Executive Officer of CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

21. Upon information and belief, Defendant BOR SU YANG was an agent of CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

22. Upon information and belief, Defendant BOR SU YANG had power over personnel decisions at CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

23. Upon information and belief, Defendant BOR SU YANG had power over payroll decisions at CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

24. Defendant BOR SU YANG had the power to hire and fire employees at CENTURY PLUMBING & BUILDING SUPPLY, INC., establish and pay their wages, set their work schedule, and maintained their employment records, at the time of Plaintiff's employment.

25. Upon information and belief, Defendant MAX YANG owned and/or operated CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

26. Upon information and belief, Defendant MAX YANG was the Chairman of the Board of CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

27. Upon information and belief, Defendant MAX YANG was the Chief Executive Officer of CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

28. Upon information and belief, Defendant MAX YANG was an agent of CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

29. Upon information and belief, Defendant MAX YANG had power over personnel decisions at CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

30. Upon information and belief, Defendant MAX YANG had power over payroll decisions at CENTURY PLUMBING & BUILDING SUPPLY, INC. at the time of Plaintiff's employment.

31. Defendant MAX YANG CENTURY PLUMBING & BUILDING SUPPLY, INC., establish and pay their wages, set their work schedule, and maintained their employment records, at the time of Plaintiff's employment.

32. Upon information and belief, Defendant, GOLDEN STAR SUPPLY INC., is a corporation organized under the laws of New York with a principal executive office 131-15 Sanford Avenue, Flushing, New York 11355.

33. Upon information and belief, Defendant, GOLDEN STAR SUPPLY INC., is a corporation authorized to do business under the laws of New York.

34. Upon information and belief, Defendant GINA YOUNG owns and/or operates GOLDEN STAR SUPPLY INC.

35. Upon information and belief, Defendant GINA YOUNG is the Chairman of the Board of GOLDEN STAR SUPPLY INC.

36. Upon information and belief, Defendant GINA YOUNG is the Chief Executive Officer of GOLDEN STAR SUPPLY INC.

37. Upon information and belief, Defendant GINA YOUNG is an agent of GOLDEN STAR SUPPLY INC.

38. Upon information and belief, Defendant GINA YOUNG has power over personnel decisions at GOLDEN STAR SUPPLY INC.

39. Upon information and belief, Defendant GINA YOUNG has power over payroll decisions at GOLDEN STAR SUPPLY INC.

40. Defendant GINA YOUNG has the power to hire and fire employees at GOLDEN STAR SUPPLY INC., establish and pay their wages, set their work schedule, and maintains their employment records.

41. Upon information and belief, Defendant BOR SU YANG owns and/or operates GOLDEN STAR SUPPLY INC.

42. Upon information and belief, Defendant BOR SU YANG is the Chairman of the Board of GOLDEN STAR SUPPLY INC.

43. Upon information and belief, Defendant BOR SU YANG is the Chief Executive Officer of GOLDEN STAR SUPPLY INC.

44. Upon information and belief, Defendant BOR SU YANG is an agent of GOLDEN STAR SUPPLY INC.

45. Upon information and belief, Defendant BOR SU YANG has power over personnel decisions at GOLDEN STAR SUPPLY INC.

46. Upon information and belief, Defendant BOR SU YANG has power over payroll decisions at GOLDEN STAR SUPPLY INC.

47. Defendant BOR SU YANG has the power to hire and fire employees at GOLDEN STAR SUPPLY INC., establish and pay their wages, set their work schedule, and maintains their employment records.

48. Upon information and belief, Defendant MAX YANG owns and/or operates GOLDEN STAR SUPPLY INC.

49. Upon information and belief, Defendant MAX YANG is the Chairman of the Board of GOLDEN STAR SUPPLY INC.

50. Upon information and belief, Defendant MAX YANG is the Chief Executive Officer of GOLDEN STAR SUPPLY INC.

51. Upon information and belief, Defendant MAX YANG is an agent of GOLDEN STAR SUPPLY INC.

52. Upon information and belief, Defendant MAX YANG has power over personnel decisions at GOLDEN STAR SUPPLY INC.

53. Upon information and belief, Defendant MAX YANG has power over payroll decisions at GOLDEN STAR SUPPLY INC.

54. Defendant MAX YANG has the power to hire and fire employees at GOLDEN STAR SUPPLY INC., establish and pay their wages, set their work schedule, and maintains their employment records.

55. Upon information and belief, Defendant, GOLDEN STAR KITCHEN & BATH, INC., is a corporation organized under the laws of New York with a principal executive office 131-15 Sanford Avenue, Flushing, New York 11355.

56. Upon information and belief, Defendant, GOLDEN STAR KITCHEN & BATH, INC., is a corporation authorized to do business under the laws of New York.

57. Upon information and belief, Defendant GINA YOUNG owns and/or operates GOLDEN STAR KITCHEN & BATH, INC.

58. Upon information and belief, Defendant GINA YOUNG is the Chairman of the Board of GOLDEN STAR KITCHEN & BATH, INC.

59. Upon information and belief, Defendant GINA YOUNG is the Chief Executive Officer of GOLDEN STAR KITCHEN & BATH, INC.

60. Upon information and belief, Defendant GINA YOUNG is an agent of GOLDEN STAR KITCHEN & BATH, INC.

61. Upon information and belief, Defendant GINA YOUNG has power over personnel decisions at GOLDEN STAR KITCHEN & BATH, INC.

62. Upon information and belief, Defendant GINA YOUNG has power over payroll decisions at GOLDEN STAR KITCHEN & BATH, INC.

63. Defendant GINA YOUNG has the power to hire and fire employees at GOLDEN STAR KITCHEN & BATH, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

64. Upon information and belief, Defendant BOR SU YANG owns and/or operates GOLDEN STAR KITCHEN & BATH, INC.

65. Upon information and belief, Defendant BOR SU YANG is the Chairman of the Board of GOLDEN STAR KITCHEN & BATH, INC.

66. Upon information and belief, Defendant BOR SU YANG is the Chief Executive Officer of GOLDEN STAR KITCHEN & BATH, INC.

67. Upon information and belief, Defendant BOR SU YANG is an agent of GOLDEN STAR KITCHEN & BATH, INC.

68. Upon information and belief, Defendant BOR SU YANG has power over personnel decisions at GOLDEN STAR KITCHEN & BATH, INC.

69. Upon information and belief, Defendant BOR SU YANG has power over payroll decisions at GOLDEN STAR KITCHEN & BATH, INC.

70. Defendant BOR SU YANG has the power to hire and fire employees at GOLDEN STAR KITCHEN & BATH, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

71. Upon information and belief, Defendant MAX YANG owns and/or operates GOLDEN STAR KITCHEN & BATH, INC.

72. Upon information and belief, Defendant MAX YANG is the Chairman of the Board of GOLDEN STAR KITCHEN & BATH, INC.

73. Upon information and belief, Defendant MAX YANG is the Chief Executive Officer of GOLDEN STAR KITCHEN & BATH, INC.

74. Upon information and belief, Defendant MAX YANG is an agent of GOLDEN STAR KITCHEN & BATH, INC.

75. Upon information and belief, Defendant MAX YANG has power over personnel decisions at GOLDEN STAR KITCHEN & BATH, INC.

76. Upon information and belief, Defendant MAX YANG has power over payroll decisions at GOLDEN STAR KITCHEN & BATH, INC.

77. Defendant MAX YANG has the power to hire and fire employees at GOLDEN STAR KITCHEN & BATH, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

78. During all relevant times herein, Defendant GINA YOUNG was Plaintiff's employer within the meaning of the FLSA and NYLL.

79. During all relevant times herein, Defendant BOR SU YANG was Plaintiff's employer within the meaning of the FLSA and NYLL.

80. During all relevant times herein, Defendant MAX YANG was Plaintiff's employer within the meaning of the FLSA and NYLL.

81. On information and belief, GOLDEN STAR SUPPLY INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

82. On information and belief, GOLDEN STAR KITCHEN & BATH INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

83. Plaintiff RICARDO CORTEZ was employed by Defendants at CENTURY PLUMBING & BUILDING SUPPLY, INC., located at 61-39 College Point Boulevard, Flushing New York 11356, GOLDEN STAR SUPPLY INC., located at 131-15 Sanford Avenue, Flushing, New York 11355, and GOLDEN STAR KITCHEN & BATH, INC., located at 131-15 Sanford Avenue, Flushing, New York 11355 from in or around 2010 until in or around February 2018.

84. During Plaintiff RICARDO CORTEZ'S employment by Defendants at CENTURY PLUMBING & BUILDING SUPPLY, INC., located at 61-39 College Point Boulevard, Flushing New York 11356, GOLDEN STAR SUPPLY INC., located at 131-15 Sanford Avenue, Flushing, New York 11355, and GOLDEN STAR KITCHEN & BATH, INC., located at 131-15 Sanford Avenue, Flushing, New York 11355, Plaintiff's primary duties were as a laborer and electrician, carpentry and plumbing assistant and performing other miscellaneous duties from in or around 2010 until in or around February 2018.

85. Plaintiff RICARDO CORTEZ was paid by Defendants approximately $141.00 per day from in or around 2012 until in or around February 2018.

86. Plaintiff was paid the same flat daily rate of approximately $141.00 per day regardless of how many hours he worked per day.

87. Although Plaintiff RICARDO CORTEZ worked, on average, sixty-and-a-one-half (60.5) hours or more per week during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

88. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

89. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

90. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding

$100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

91. Plaintiff bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

92. Collective Class: All persons who are or have been employed by the Defendants as laborers, electricians, carpenters, plumbers, electrician assistants, carpenter assistants, and plumbing assistants, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

93. Upon information and belief, Defendants employed between 20 and 25 employees within the past three years subjected to similar payment structures.

94. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

95. Defendants' unlawful conduct has been widespread, repeated, and consistent.

96. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

97. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

98. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the

opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

99. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

100. The claims of Plaintiff are typical of the claims of the putative class.

101. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

102. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

103. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

104. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

105. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

106. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

107. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

108. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

109. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form

of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

110. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

111. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

112. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

113. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

114. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

115. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

116. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

117.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118.   Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

119.   Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a.   Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b.   Awarding Plaintiff unpaid overtime wages;

c.   Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d.   Awarding Plaintiff prejudgment and post-judgment interest;

e.   Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f.   Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 25th day of April 2018.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598