**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X  Case No.: 1:18-CV-2572
**RICHARDO CORTEZ, individually and on**
**behalf of all others similarly situated,**

                                           Plaintiffs,

              **ANSWER WITH**
              **AFFIRMATIVE DEFENSES**

      -against-

**GOLDEN STAR SUPPLY INC.,**
**GOLDEN STAR KITCHEN & BATH, INC., and**
**BOR SU YANG, MAX YANG, and**
**GINA YOUNG, as individuals,**

                                           Defendants.
-----------------------------------------------------------------X

      Defendants, GOLDEN STAR SUPPLY INC., BOR SU YANG, MAX YANG, and GINA YOUNG (thereinafter "Answering Defendants"), appearing by their attorney, BRIAN S. YANG, Esq., as and for their Answer with Counterclaims to the Collective Action Complaint by Plaintiffs, RICHARDO CORTEZ, individually and on behalf of all others similarly situated, respectfully assert the following:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Deny each and every allegation contained in Paragraphs 2 and 3 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 4, 5, 6 and 7 of the Complaint.

4. Deny each and every allegation contained in Paragraph 8 of the Complaint.

5. Deny each and every allegation contained in Paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 of the Complaint.

6. Admit each and every allegation contained in Paragraphs 32 and 33 of the Verified Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 and 54 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 55 and 56 of the Complaint.

9. Deny each and every allegation contained in Paragraphs 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76 and 77 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 78, 79 and 80 of the Complaint.

11. Deny each and every allegation contained in Paragraph 81 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 83,84, 85 and 86of the Complaint.

14. Deny each and every allegation contained in Paragraphs 87, 88 and 89 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 91, 92 and 93of the Complaint.

17. Deny each and every allegation contained in Paragraphs 94 and 95 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 the Complaint.

19. Deny each and every allegation contained in Paragraphs 97 and 98 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 99, 100, 101 and 102 the Complaint.

## FIRST CAUSE OF ACTION
## Overtime Wages under the Fair Labor Standards Act

21. In response to Paragraph 103 of the Complaint, Answering Defendants repeat, reiterate and re-allege each of their responses to Paragraphs 1 through 102 of the Complaint as if fully set forth at length herein.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 104, 105 and 106 the Complaint.

23. Deny each and every allegation contained in Paragraphs 107, 108 and 109 of the Complaint.

## SECOND CAUSE OF ACTION
## Overtime Wages under New York Labor Law

24. In response to Paragraph 110 of the Complaint, Answering Defendants repeat, reiterate and re-allege each of their responses to Paragraphs 1 through 109 of the Complaint as if fully set forth at length herein.

25. Deny each and every allegation contained in Paragraphs 111, 112 and 113 of the Complaint.

### THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirement of New York Labor Law

26. In response to Paragraph 114 of the Complaint, Answering Defendants repeat, reiterate and re-allege each of their responses to Paragraphs 1 through 113 of the Complaint as if fully set forth at length herein.

27. Deny each and every allegation contained in Paragraphs 115 and 116 of the Complaint.

### FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of New York Labor Law

28. In response to Paragraph 117 of the Complaint, Answering Defendants repeat, reiterate and re-allege each of their responses to Paragraphs 1 through 116 of the Complaint as if fully set forth at length herein.

29. Deny each and every allegation contained in Paragraphs 118 and 119 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### (Lack of Cause of Action)

30. The Complaint fails to state a cause of action against Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**(Defective Services)**

31. Summons and Complaint was never properly served upon the Answering Defendants.

32. On May 7, 2018, some unknown person, without identifying himself, simply dropped off the papers at the business locationwithout speaking anything or asking any questions to identify the person in receipt of the paperwork.

33. The person in receipt of the paperwork has no authority to accept any legal papers on behalf of any of the Answering Defendants.

34. Therefore, the Verified Complaint must be denied in its entirety on the ground of improper service, or alternatively, a *Traverse* **Hearing** must be ordered.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**
**(Lack of Documentary Evidence)**

35. Plaintiff's claims are barred by documentary evidence. Plaintiff Cortez has failed to produce any evidence to support his allegations against the Answering Defendants.

36. Therefore, Answering Defendants shall not be held liable to Plaintiff Cortez, and Plaintiffs' Complaint shall be dismissed in its entirety due to the lack of documentary evidence.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**
**(Equitable Estoppel)**

37. Plaintiffs' claims are barred by the doctrine of equitable estoppel.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

**(Doctrine of Waiver)**

38. Plaintiffs' claims are barred due to the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
**(Lack of Privity)**

39. There is NO employment relationship between the Plaintiffs and the Answering Defendants, specifically:

   a. Plaintiffs alleged in the Complaint that Plaintiffs worked for CENTURY PLUMBING & BUILDING SUPLLY INC., which was dissolved in 2017.

   b. Plaintiffs never worked for the Answering Defendants;

   c. Defendant GOLDEN STAR SUPPLY INC. has ceased its business activities since 2008 and ever since then GOLDEN STAR SUPPLY INC. has never directly employed any person ;

   d. The Answering Defendants never entered into any employment contract and/or labor service arrangements with Plaintiffs;

   e. Thus, there is no contractual relationship between the Plaintiffs and Answering Defendants.

40. Therefore, Answering Defendants has no legal obligation the Plaintiff, and Plaintiff's claims shall be dismissed in its entirety.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
**(Lack of Standing)**

41. Plaintiffs' claims are barred due to the fact that Plaintiffs has no relationship with the Answering Defendants.

42. As a matter of fact, Answering Defendants have never entered into any employment contract and/or labor arrangements with Plaintiff.

43. Plaintiffs alleged in the Complaint that Plaintiffs worked for CENTURY PLUMBING & BUILDING SUPLLY INC., which was dissolved in 2017.

44. Answering Defendants have never executed any document to assume the employment contract between Plaintiffs and Century Plumbing & Building Supply.

45. Plaintiffs and Answering Defendants have no contractual and/or employment relationship.

46. Plaintiff has not suffered any concrete injury caused by the Answering Defendants.

47. Thus Plaintiff's claims shall be dismissed in its entirety due to its lack of standing.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

48. Plaintiffs have failed to act reasonably to mitigate the damages they have alleged in the Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

49. Plaintiffs' claims are barred, in whole, by unclean hands.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### (False Claims)

50. Plaintiffs' claims are barred, in whole, due to the fact that the Complaint makes numerous blatantly false claims against Answering Defendantswithout any legal or factual basis.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Exhaustion)

51. Plaintiffs, in their Complaint, alleged that all of its claims for this lawsuit is based upon their employment relationship with CENTURY PLUMBING & BUILDING SUPLLY INC., which was dissolved in 2017.

52. There is no contractual and/or employment relationship between Plaintiff and Defendant.

53. Plaintiffs have not exhausted its claims against the necessary parties before they bring this action in this court.

54. Thus Plaintiffs' claims are barred in its entirety due to its lack of exhaustion.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### (Contrary to Public Policy)

55. Plaintiffs should be barred from recovering because their acts are in violation of public policy.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### (Wrong Party Sued)

56. Answering Defendants were not the party that engaged in the alleged conduct as claimed by Plaintiffs in their Complaint and thus Answering Defendants have been improperly named in this lawsuit.

57. Thus, Plaintiffs' Complaint against theAnswering Defendants shall be dismissed in its entirety.

### AS AND FOR A FOURTEENTH AFRIRMATIVE DEFENSE
### (Compliance with Law)

58. Defendant GOLDEN STAR SUPPLY INC., along with the other Answering Defendants, have fully complied with the federal and the State of New York laws and regulations.

59. Defendant GOLDEN STAR SUPPLY INC., along with the other Answering Defendants, have caused the required notices under both the federal law and the State of New York law be displayed conspicuously.

60. Therefore, any of Plaintiffs' cause of action based on improper or missing wage notice(s) shall be dismissed in its entirety.

### AS AND FOR A FIFTEENTH AFRIRMATIVE DEFENSE
**(Failure to Satisfy the Statutory Requirement)**

61. Upon information and belief, concerning Defendant GOLDEN STAR SUPPLY INC., when it was in business prior to 2008, its gross income was less than half million a year and the Plaintiff's alleged employment does not affect interstate commerce.

62. The Fair Labor Standards Act establishes a federal minimum wage and overtime rules that only apply if the business meets two tests. First, the business must be involved in interstate commerce. Second, the business's gross annual revenue must be at least $500,000. If a business meets both tests, then all employees working for the business are covered, regardless of whether they ever engage in interstate commerce.

63. If the business fails to meet the tests, the Fair Labor Standards Act applies to any employee whose work affects interstate commerce. The connection to

interstate commerce must be at least a bit more tangible than local retail purchases.

64. If the business does not earn at least $500,000 in gross annual revenue and the individual employee does not engage in interstate commerce, then the FLSA does not cover employees.

65. In the current case, upon information and belief, the business made less than $500,000 prior to its entry into dormant status in 2008, and the Plaintiffs did not engage in interstate commerce, therefore this case shall be dismissed from the federal court.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DFFENSE
**(Laches)**

66. Plaintiff CORTEZ alleged that he worked for CENTURY PLUMBING & BUILDING SUPPLY INC., GOLDEN STAR SUPPLY INC. and GOLDEN STAR KITCHEN & BATH, INC. from around 2010 till February 2018.

67. As a matter of fact, CENTURY PLUMBING & BUILDING SUPPLY INC. has been dissolved since 2017.

68. Also based on information and belief, GOLDEN STAR SUPPLY INC. has ceased its business operation since 2008.

69. Clearly that Plaintiffs have contradicted themselves in alleging their employment history.

70. It is unreasonable for Plaintiffs to delay in filing the lawsuit, thus the Complaint should be dismissed in its entirety against the Answering Defendants.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reserved Rights)

71. Defendants preserve all further defenses that may arise in the course of litigation, and reserve their right to amend his Answer to assert additional defenses.

**WHEREFORE,** Answering Defendants demand judgment against the Plaintiffs as follows:

1. Dismissing Plaintiffs' Complaint in its entirety;
2. Awarding Answering Defendants for all its costs and expenses they have incurred in defending this action, along with reasonable attorneys' fees.
3. Awarding Answering Defendants such other and further relief as the Court may deem just and proper.

Dated: May 25, 2018
Flushing, New York

By: /S/ *Brian Shengjin Yang*
Brian S. Yang, Esq. (BY0360)
Law Offices of Brian S. Yang
Attorneys for Defendant
136-18 39th Ave., Suite 703
Flushing, NY 11354
Tel: (718) 939-6066
Fax: (718) 939-1269

To:    Helen F. Dalton & Associates, PC
       Attorneys for Plaintiff
       69-12 Austin Street
       Forest Hills, NY 11375
       Tel: 718 263 9591
       Fax: 718 263-9598